**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **DUANYAN XIAO** | **CASE NO. 1:26-CV-00906 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WARDEN RICHWOOD CORRECTIONAL ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus (ECF No. 1) under 28 U.S.C. § 2241 filed by Petitioner Duanyan Xiao ("Xiao"), a native and citizen of China. *See* ECF No. 1 at 1. According to the declaration of Supervisory Detention and Deportation Officer Wilton Tyler, Xiao was released from ICE custody on an Order of Supervision on April 7, 2026. *See* ECF No. 5-1 at 1.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id*. at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). If a controversy becomes moot, the case must be dismissed for lack of jurisdiction. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the

outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Here, the Petition sought immediate release from ICE custody. *See* ECF No. 1. Because Xiao has been released, she is not "in custody" as required for the court to have the power to grant a writ of habeas corpus. *See Merlan v. Holder*, 667 F.3d 538 (5th Cir. 2011) (per curiam); *Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. 2019); 28 U.S.C. § 2241. Accordingly,

**IT IS ORDERED** that the Petition (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

SIGNED on Thursday, September 24, 2026.

JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE